ZOYLA ASENSIO-BOYADZHYAN
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 5100
ADELANTO, CA. 92301



UNITED STATES OF AMERICA
FOR THE DISTRICT COURT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> Respondent ) <br> ) <br> v ) <br> ) <br> ZOYLA ASENSIO-BOYADZHYAN ) <br> ) <br> Petitioner ) | CRIMINAL CASE # A00-0079 (HRH) <br><br> CERTIFICATE OF APPEALABILITY |

**************************************************************************
CERTIFICATE OF APPEALABILITY MOTION # 2253
**************************************************************************

**COMES NOW PETITIONER ZOYLA ASENSIO BOYADZHYAN PRO SE,** requesting this Honorable Court to accept this motion and give petitioner the opportunity to be heard.

Petitioner Asensio prays this Honorable Court **GRANT HER CERTIFICATE OF APPEALABILITY** and give her the opportunity to be heard. Defendant Asensio ("Asensio") seeks to vacate her judgement of conviction pursuant to 28 U.S.C. . § 2253 claiming that her sentence was imposed in violation of her Constitutional Rights rendered ineffective assistance of counsel. These Claims are supported by the evidence of the law. An evidentiary hearing is required, and her motion should be **GRANTED**

## II FACTUAL BACKGROUND

Boyadzhyan, along with Codefendant Wayne Everette, was charged in a fifth superseding Indictment on August 22, 2001 with one count of conspiracy in relation to cocaine trafficking (Count 1, 21 U.S.C § 846): three counts of distribution and possession of cocaine with intent to distribute (Count 2,4 and 6, 21 U.S.C § 841 (a)(1); and two counst of interstate travel in aid of drug trafficking (Counts 3,and 5, 18 U.S.C § 1952). Boyadzhyan alone was charged in Count 7, alleging perjury in violation of 18 U.S.C. § 1621 This indictment stemmed from the seizure of aproximately thirteen kilograms of cocaine between June 22, 1999 , and June 22, 2000.

Petitioner Boyadzhyan pray that this Honorable Court Grant petitioner her the opportunity to be heard and allow her the opportunity to be heard.

Petitioner feels that not having the effective assistance of counsel she was deprived of her Constitutional rights and her Due Process and it excluded the proferred testimoy of Ms Asensio-Boyadzhyan's accountant on the basis that this failure was prejudicial to the government .

Trial counsel admittted that he had not technically adhered to the discovery requirements was supported by sound reasons , and any prejudice was minimal.

Petitioner prays that this Court will Grant her a re-hearing and to give her the opportunity to be heard ant to from beginning to end petitioner has been requesting this Honorable Courts for help and up to this time petitioner has been hit with a solid wall, 188 months is an unjust sentence for a woman that this is her first conviction that left her kids when they were too litle and she still is facing more years to come

Petitioner feels that this is a sentence that is unconstitutional do to the fact that everything was based on people that did not have excruples and Boyadzhyan also argues her trial counsel was ineffective because he was precluded from presenting the testimony of an expert accountant was to explain how Boyadzhyan's pending habits did not necessarily

**Petitioner Asensio's** arguments are that she received ineffective assistance of counsel . The Sixth Amendment guarantees criminal defendant the right to an effective assistance of counsel. The Sixth Amendment guarantees criminal defendants the right to an effective counsel. This Right applies both at trial and on direct appeal. In <u>Strickland v Washington</u>, the Suprme Court established the following test to determine if counsel was ineffective.

> First the defendant must show that counsel's performance was deficient, This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel"s guaranteed the defendant by the Sixth Amendment, Second the defendant must show that the deficient performance prejudices the defense. This requires showing that counsel's error's were so serious as to deprive the defendant a fair trail whose is reliable.

Counsel never inform petitioner the amount of sentence that she was facing if she go to trail, counsel never prepare petitioner for trail, he never expalin petitioner the consequences of her going to trail.

When the defendant lacks a full understanding of the risks of going to trail he/she is unable to make an intelligentle choice of whether to accept a plea or take his chances in court.
"By grossly underestimating the defendant's sentencing exposure..., [counsel] breaches his duty as a defense lawyer in a criminal case to advise his client fully on whether a particular plea to a charge appears desirable"
United States v Gordon 156 F.3d 376, 280 (2nd Cir 1998). Peitioner belives there is a reasonable probability that **"but for her counsel's actions she would have received a significantly less harsh sentence."**

In the instant case erroneously counsel advise Ms Asensio that she should face less prison time if she choose to go to trail, to prove her innocence , rather than enter into a plea agreement. This conduct deprived petitioner of effective assistance of counsel. A mistrial was declared based on government violations. From Beginning to end Ms Asensio has been claiming ineffective assistance of counsel

Further Ms Asensio submitted to a voluntary de-briefing under oath in the course of the Government's investigation.

Counsel never inform Asensio of the maximum sentence she would be facing if she tood her case to trial. ("Fairling to properly advise the defendant of the maximum sentnece that she could receive fails below the objective standard because the defendnat lacks a full understanding of the risks of going to trial and she was unable to make an intelligent choice of whether to accept a plea or take her chances in court **TEAGUE v SCOTT** 60.F3d 1167, 1171 (5th Cir 1995). Petitioner appealed the court of Appelas. Sixth Amendment right to effective counsel applies both to trial and on direct appeal U.S.C.A. Const Amend 6.

In order to amount to ineffective assistance of counsel, counsel's performance must have fallen below objective standard of reasonableness as determined by norms of profession . Petitioner Asensio was not aware of the sentence that she was expose, petitioner requested counsel several times the advantage and desadvantage to go to trail, and counsel was so ineffective that never took the time to prepare petitioner to go to trail, and all this deprived petitioner of her constitutional rights.

**Counsel** was so ineffective that never explain petitioner the consequences of her going to trial, counsel never presented the discovery to petitioner, Decision to allow discovery in habeas corpus case is left to discretion when discovery is necessary to fully develop facts of claim.

Petitioner Asensio would like to obtain a re-hearing and pray that this Honorable Court **GRANT** petitioner the opportunity to be heard and present issues that were never presented at trial , petitioner Asensio is not an expert in the law.  She is only a woman that got caught in illegal drugs, and had done half of her sentence and pray that this court will have mercy and give her the opporunity to have a sentence reduce, do to the fact that petitioner feels that she has had an unjust sentence and who feels that she is illegally incarcerated based upon fase and perjured testimony from informants who were part of the criminal case.  And these informants, even though many lack credibility, they were believd by jurors because their information was corroborated by federal agents and these witnesses were never dicrediteded and was never proven that those witnessess to lie about Asensio's involvement in the alleged drug offenses.  Petitioner Asensio is 57 years old is a woman that never had any prior conviction and she never had any violance case or situation before.

Asencio's Attorney received a letter fromo one of the defendant's in Asensio's case stating that the prosecutor told him to lie towards Asensio enclosed is included a Exhibit A of this Petition this letter is from

**PAGE (5)**

counsel failed to disclose the expert report to the government counsel . The expert accountant was to explain to Asensio's spending habits did not necessarily involve the use of income from illegal sources.

Petitioner understand the government is going to request this Honoroble Court to dismiss this case do to the fact that Booker is not **RETROACTIVE** and that is out of time, petitioner please pray that this Honorable Court See Carrington, case # 05-36143 and case on Tillitz, case number 05-36144 here Judge Bryan's vacated both sentence and In his November 3, 2005 order Judge Bryan said:

> A Sentencing Guidelines scheme was adopted by Congress and Implemented by the United States Sentencing Commission on November 1, 1987, Many judges, including the undersigned, believed that the Sentencing Guidelines were contrary to the requirement of the U.S. Constitution. Nevertheless, the Supreme Court, in its wisdom, found that the guidelines passed constitutional muster.
>
> Many defendants, including Mr tillitz and Mr Carrington, were sentenced under the mandatory guidelines shceme, and many including Mr. Tillitz and Mr Carrington, are still incarcerated under mandatory guideline sentences.....
>
> During the period of the guidelines' mandatory life___ 1987 to 2005___judges like the undersigned did their best to apply the law, assuming the constitutionality of the guidelines and often sentencing defendants to sentences that were inapropriate under any law or theory of sentencing

PAGE (7)

except the guidelines, District judges, in other words, tried to follow the law, even if it appeared to lead to injustice.

Now under Booker, it is clear that the guidelines sentencing scheme was unconstitutiona all along. It follows that defendant's still incarcerated under an unconstitutional sentencing scheme , would seek resentencing, even knowing that on resentencing, longer sentences might be imposed. Yet because of retroactivity rules, defendants serving unconstitutional sentences are offered no relief no remedy, and no justice.

Trial Judges, more than anythign, want to do the right thing we understand our obligation to follow the law, but deeply and even desperately ___hope that the law will lead to justice. If we are part of an injustice, we want to set it right, even if it involves a great dearl of extra work. To quote Gerry Spence:

> [S]ometimes a judge doesn't know how to get justice....[T]he judge has to just sit up there and watch justice fail right in front of him, right in his own courtroom, and he doesn't know what to do about it, and it makes him feel sad....Sometimes he even gets angy about it

Gerry H. Spence. Of Murder and Madness: A True Story, 490 (1983) Tillitz, 2005 WL 2921957, at *12-13 (internal citations omitted).

Petitioner Asensio feels that her case has extraordinary circumstanses and as the majority, however, cites United States v Crawford, 422 F.3d 1145 (9th Cir. 2005), as holding that Booker **"when combined with other extraordinary circumstances, justif[ies] recall of the mandate."** (maj op. 19387) My quarrell is not with this reading of Crawford. Rather I object to the majority's expansion of the unique "extraordinary

circumstances" present in **CRAWFORD** INTO A JUSTIFICATION THAT CAN **BE INVOKED BY ANY PERSON** who was sentenced under the mandatory sentencing guidelines.

In **CRAWFORD** WE FOUND " extraordinary circumstances" to recall the mandate because (1) "the sentencing judge had expressed explicit reservations on the record about the sentence required under the previously mandatory Sentencing Guidelines," and (2) "The Supreme Court's decision in Blakely v Washingtont, [542 U.S. 296 (2004)... foreshadowing its holding in... Booker.... was rendered before the mandate issued "Crawford, 422 F.3d at 1145-46.

Petitioner Asensio feels that she was denied her rights do to the fact that counsel was so ineffective that she did had a trial ineffectiveness.

Because counsel never help Asensio in the process of her case and counsel never objected to the admission of informants that were working with the government and that he knew that they did this with the only object to obtain benefit and have a sentence reduce.
As seen on **WILLIAMS v WASHINGTON,** , 59 F.3d 673 (7th Cir, 1995)

Trial counsel's failure to take appropriate measures to limit the use of a co-defendant's confession or to attempt to have the statement redrafted to eliminate any reference to defendant, constitutes ineffective assistance .

**HENRY v SCULLY, 78 F.3d 51 (2nd Cir. 1996)** Trial counsel's failure to object to admissions of co-defendant's confession as evidence against defendant constituted inffective assistance of counsel.

Petitioner Asensio pray this Honorable Court to accept this motion and grand petitioner the opportunity to be heard, and allow the truth to

to come forward and allow petitioner to have a sentence reduce and as seen on **POWELL v ALABAMA, 287 U.S. 45, 77 L.Ed. 158, 53 S.Ct. 55 84 ALR 527 (1932)**

"The right to be heard would be, in many cases, of little avail if it did not comprehend the right to counesl...[A defendant] is unfamiliar with the rules of evidence... He lacks both skill and knowledge adequately to prepare his defense even though he [may[ have a perfect one. He requires the guiding hand of counsel at every step on the proceeding against him".

In this case, counsel erroneously advised Ms Asensio that she would face less prison time if she chose to go to trial to prove her innocence rather than enter into a plea agreement. This conduct deprived petitioner of effective assistance of counsel, A mistrial was declared based on government violations. From beginning , Ms Asensio has been claiming ineffective assistance of counsel.

Further, Ms Asensio submitted to a voluntary de-briefing under oath in the course of the government's investigation.

Petitioner's attorney sought and the court improperly denied a competency examination and improperly, without evidence, determined Ms Asensio was competent to stand trial.

Petitioner Asensio seeks relief from the burden of oversentencing in consequences of imperfect contract in want of performance. Petitioner desires to realize the benefit of promise made by counsel, petitioner feels that not knowing the law of the United States she was deprived of her constitutional Rights.

The Due Process Clause requires that the defendant's reasonable expectation of benefit be respected, inasmuch as it precludes enforcement of an unconscionable contract absent of proof of the defendant's fully informed consentto its risks, the majority concluded. Petitioner never

was fully informed of risks nor did she willingly or knowingly give consent to said risks.

Over the past two decades, Federal defendants have been subject to suprises attacks from the government at sentencing. It has been routine in the Federal system for district courts to sentence defendants on basis of crime with which they have never been charged and without any evidence ever having been proffered against them. Instead the district court have used th sentencing guidelines to or ignore the role of the jury.

Petitioner contends tha the impostion of her sentences violated her Sixth Amendment as recently interpreted by the U.S. Supreme Court in <u>Blakely v Washington</u> 124 S. Ct. 2531 (2004). because the facts underlying the calculation of her offense level and her sentence enhancement were found by a jury beyond a reasonable doubt nor admitted by the defendant.

Petitioner's case squarely presents such a situation where the District Judge, not he jury determines the material facts that may increase the severity of punishment using a preponderance of the evidence standard, not proof beyond a reasonable doubt. It is clear after <u>Blakely</u> that increasing Petitioner's punishment bsed on facts not admitted by her or determined by a jury beyond a reasonable doubt was clearly contrary to the **SIXTH AMENDMENT JURY RIGHT JUSTICE SCALIA WROTE:**

> **Any** evaluation of Apprendi's "Fairness" to criminal defendants must compare it with the regime it replaced in which a defendant with no warning in either his indictment of plea, would routinely see his maximum potential sentence balloon from as litle as five years to as much as life imprisonment see 21 U.S.C 841 (b)(A)

**PAGE (11)**

>based not on facts proved to his peers beyond a
>reasonable doubt but on facts extracted after
>trial from a report complied by a probation officer
>who the judge thinks more likely got it righ than wrong
><u>Blakely v Washington</u>, 124 S. Ct. at 2542 (Footnote
>omitted )(Emphasis supplied).

The Sixth Amendment right to trial by jury is no mere procedural formality but rather, is a fundamental reservation of power in our constitutional structure meant to ensure the peoples's ultimate control in the judiciary . The U.S. Supreme Court rules that the "Framers of our constitution never intended to place the power in any one person or official, and take away the Protection of the law form the rights of an indiciual" It menat "To secure the blessing of liberty to themselves and posterity" the Constitution was written with the phylosphy based upon a compostie of all the most liberal idea's which came down throught Bill of Rights and the Rules of Common Law and the keystone is the preservation of individual liberty. All these ideas were carefully inserted in our constitution

>"Simply because we no longer fear a corrupt state as
>much as our forefathers did, does not mean that we
>shoudl discard the Constitutional Safeguards they put
>in place safeguards such as the right to confront
>ones' accusers were created so that we wouldn't have
>to fear such corruption and the prosecution.

Petitioner Asensio was not fully of the consequences of the whole process and was induce by her counsel to go to trial and Petitioner was oversentence without the **DUE PROCESS:**

Finally it remains within our discretion to determine whether the District Court error warrants reversal Judge saids "Our discretion is appropriately exercised only when failure to do so would result in a miscarrage of justice such as when the defendant is acutally <u>innocent</u>
    Petitioner pray that this Honorable Court sees's this Motion with lienency  and give her the opportunity to have a sentence reduce petitioner

was sentence to 188 months petitioner has done 7 years of her life

Petitioner pray that now that the guidelines are advisory, judge will have mercy and look into her case and see that this is a woman that was sentence by informant's that the only object was to have a sentence reduce, and in coperation with the government testify against petitioner and lied and petitioner not having the effective assistance of counsel was sentence to an injustice sentence, and pray that Judge will re-consider her sentence based on **TITLE 18 U.S.C.A. § 3553 (a)** and the Court re-sentence petitioner sufficient, but not greater than the necessary to comply with the purposes set forth in paragraph (2) of this subsection. The Court in determining the particular sentence to be imposed, shall consider.

(1)  The nature and circumstances of the offense and the history and characteristics of the defendant

(2)  The Need for the Sentence Imposed

(A)  to reflect the seriousness of the offense to promise respect for the law and to provide just punishment for the offense.

(B)  To afford adequate deterrence to ciminal conduct

(C)  To protec the Public from further crimes of defenant.

(D)  To Provide the defendant with needed educational or vocational training medical care, or other correctional treatment in the most effective manner.

(3) The kind of sentence available

(4) The kind of sentence and sentencing range estalbished for

The applicable category of offense committed by the applicable category of defendant as set forth in the guidelines.

Petitioner Asensio is a 57 year old woman she left her kids when they were very little.

**PAGE (13)**

she is not a treat to the community, she is not a violent person she doesn't need to be protected from the public, she has expend most of her time here in prion taking education programs, enclosed please find Certificates of classes that she has been taking here at prison,

Petitioner is a person that need medical care, enclosed please find medical records, that proof all medications that she has to take petitioner pray this Honorable Court to please **GRANT** her certificate of appeallability and allow her to have a re-hearing and expose her case, and pray that this Honorable Court accept this Motion and grant her the opportunity to have a sentence reduce.

### PRO SE STATUS JUDICIAL INTERPRETATION AND CONSTRUCTION

The Defendant is filing this motion Pro Se, being indigent and having no legal training or experience and being limited by the functional constraint of incarceraction the defendant is depending upon the court interpretation and mercy and construction of this motion and it is incumbent upon the court to review the facts and remedies sought, and to apply the appropriate Rule or Statute as the facts and requested relief citated. See U.S. Yong v Ins 208 F.3d 1116 (C.A. 9 2000) and McClellan v Young .

### CONCLUSION

Based upon the foregoing case law and argument , the Court should receive and constructed this motion under the applicable Rule most favorable to the requested relief., if such a construction can be made

The Court should vacate the present illegal sentence and should re-sentence the defendant at the lowest guideline level supported by the jury verdict alone.

The Court should waive the defendants appearance as requested or if the defendant's presence is necessary should make the requested provisions for her furlogh appearance.

Respectfully Submitted on this 30 day of July, 2007.

_____
Zoyla Asensio Boyadzhyan #18491-112
Federal Correctional Institution
P.O. Box 5100
Adelanto, Ca. 92301

## CERTIFICATE OF SERVICE

The Undersigned Certified that on this 30 day of July, 2007 a copy of a foregoing MOTION 2253 was mailed first class postage prepaid mail addressed to United States District Court of Alaska

_____
Zoyla Asensio Boyadzhyan #18491-112
Federal Correctional Institution
P.O.BOX 5100
ADELANTO, CA. 92301

ZOYA ASENSIO-BOYADZHYAN
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 5100
ADELANTO, CAL 92301

UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF ALASKA
222 W. 7th AVENUE BOX A
ANCHORAGE, ALASKA 99513-7564

