IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | Case No. 3:00-cr-00079-HRH |
| | Case No. 3:07-cv-00124-JWS |
| vs. | |
| ZOYLA ISOLINA ASENSIO-BOYADZHYAN, | ORDER OF DISMISSAL |
| Defendant. | |

Zoyla Isolina Asensio-Boyadzhyan, representing herself, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241.[1] In her petition, Ms. Asensio-Boyadzhyan alleges that she received inadequate representation from her lawyer at her criminal trial by his refusal to allow her to testify, and his failure to produce a critical witness on her behalf.[2] Habeas petitions alleging ineffective assistance of counsel, however, should be made under 28 U.S.C. § 2255.[3]

---

[1] See Docket No. 646.

[2] See id. at 3.

[3] See, e.g., U.S. v. Pirro, 104 F.3d 297 (9th Cir. 1997) ("the normal procedure for seeking relief for ineffective assistance of counsel is through

Only if it "appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention" may a federal prisoner challenge the legality of a conviction or sentence under 28 U.S.C. § 2241.[4] Because § 2255 is available to challenge the conviction or sentence, by far the most common situation which satisfies this standard is a challenge to any governmental action involving **execution** of the sentence.

Furthermore, the Ninth Circuit has cautioned that, "[m]erely labeling a section 2255 motion as a section 2241 petition does not overcome the bar against successive section 2255 motions."[5] In fact, "the general rule is that a motion under § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, ... and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241."[6]

---

a section 2255 motion.").

[4] See 28 U.S.C. § 2255; see Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000) (a petition brought under § 2241, challenges the "manner, location, or conditions of a sentence's execution.").

[5] Porter v. Adams, 244 F.3d 1006, 1007 (9th Cir. 2001) (noting that the defendant "raises previously unsuccessful claims attacking only the legality of his conviction and not the execution of his sentence."); see also Moore v. Reno, 185 F.3d 1054 (9th Cir. 1999) (per curiam), cert. denied, 528 U.S. 1178 (2000) (holding "that a state habeas petitioner may not avoid the limitations imposed on successive petitions by styling his petition as one pursuant to 28 U.S.C. § 2241 rather than 28 U.S.C. § 2254 [and extending] the same reasoning to motions filed under 28 U.S.C. § 2255.").

[6] Stephens v. Herrera, 464 F.3d 895 (9th Cir. 2006), citing Lorensten v. Hood, 223 F.3d 950 (9th Cir. 2000) ("the general rule in this circuit is that the ban on unauthorized second or successive petitions does not per se

The successive petition provisions state as follows. Under 28 U.S.C. § 2244(a):

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

Section 2255 provides as follows:

> A second or successive petition or motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain --
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Since Ms. Asensio-Boyadzhyan claims that her rights were violated by the ineffective assistance of counsel during trial, her action must be brought under § 2255. Therefore, treating this petition as one brought under section 2255, the Court finds that the motion is successive.[7] The Court may not consider this

---

make § 2255 'inadequate or ineffective.'").

[7] See Docket Nos. 593 (Motion under § 2255, alleging the illegality of the defendant's sentence under United States v. Booker, 125 S.Ct. 783 (2005)), 607 (Order denying § 2255 motion under Booker), 608 (Judgment dismissing § 2255 motion), 613 & 615A (Notices of appeal), 614 & 621 (District Court's denial of certificate of appealability), 623 (Ninth Circuit's

3                    DISMISSAL

successive petition without prior authorization from the Court of Appeals for the Ninth Circuit.[8]

**IT IS HEREBY ORDERED:**

Ms. Asensio-Boyadzhyan's petition, at docket number 646, is DISMISSED for lack of jurisdiction, without prejudice to the filing of a petition under 28 U.S.C. § 2255, *after* receiving permission from the Court of Appeals for the Ninth Circuit.[9]

DATED this 17th day of July, 2007, at Anchorage, Alaska.

/s/ H. Russel Holland
United States District Judge

---

denial of application for authorization to file successive § 2255 motion), 635 (Ninth Circuit's denial of request for certificate of appealability).

[8] *See* 28 U.S.C.§§ 2244(a), 2255.

[9] *See Burton v. Stewart*, 127 S.Ct. 793, 796 (2007) ("We conclude ... that because the 2002 petition is a 'second or successive' petition that Burton did not seek or obtain authorization to file in the District Court, the District Court never had jurisdiction to consider it in the first place.").